197 So. 69

### GOODSON v. STATE.

#### 4 Div. 584.

Court of Appeals of Alabama.

May 14, 1940.

Rehearing Denied June 4, 1940.

Fleming & Paul, of Elba, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon an indictment charging appellant with the offense of assault with intent to murder, he was convicted of the offense of an assault and battery; judgment of conviction, and sentence, was duly pronounced and entered, from which this appeal was taken.

There were numerous witnesses who testified they were present, and saw the defendant cut his kinsman in the throat, and elsewhere, with a knife. The defendant made no denial of this fact. There is no conflict in the testimony which tends to show the wound inflicted was a serious and dangerous one.

The single exception reserved to the court's ruling upon the testimony cannot avail the defendant. (1) For the reason it does not appear that the ruling complained of has probably injuriously affected the substantial rights of the defendant. Supreme Court Rule 45. (2) For that the matter inquired about related to a separate and distinct transaction between other parties and was in no respect part of the res gestae of the offense complained of in the indictment. Moreover, the question as propounded was indefinite, vague and uncertain, and failed to disclose the materiality of the evidence sought thereby. As propounded, the objection was properly sustained.

The evidence in the case was in conflict. That for the State superabundantly tended to sustain the felony charge contained in the indictment; and from our viewpoint, the defendant was indeed fortunate, hence had no right to complain, at the verdict of the jury, who, instead of finding defendant guilty of the felony as charged in the indictment, mercifully returned a verdict against him for a misdemeanor only.

The court gave to the jury a very able, full, comprehensive and extremely fair oral charge, covering every phase of the law involved in this case. This charge, in connection with the charges given at request of defendant, fairly and substantially covered such written refused charges as properly stated the law.

On the question of the action of the court in overruling and denying the motion for a new trial, nothing appears which would justify or authorize this court to put the trial court to error.

We are clear to the conclusion that the defendant as disclosed by the record, was accorded a fair and impartial trial, and that throughout the entire trial no reversible error appears. The record proper also being without apparent error, it is ordered that the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.